**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| **TONIA THOMPSON,** ) | |
|         **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No:** |
| ) | |
| **TYSON FOODS, INC.** ) | |
| *Serve Registered Agent*: ) | **JURY TRIAL DEMANDED** |
| The Corporation Company, Inc. ) | |
| 515 South Kansas Avenue ) | |
| Topeka, KS 66603 ) | |
|         **Defendant.** ) | |

## COMPLAINT

COMES NOW Plaintiff Tonia Thompson, by and through the undersigned attorneys, to state and allege the following against Defendant Tyson Foods, Inc.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all triable issues alleged herein.

### DESIGNATION OF PLACE OF TRIAL

Plaintiff designated Kansas City, Kansas as the place of trial.

### NATURE OF THE CLAIM

1.      This is an action for legal and equitable relief brought under Title VII of the Civil Rights Act of 1964 as amended, or 42 U.S.C. §2000e, *et seq*.

2.      Plaintiff was discriminated against in a place of employment on the basis of sex.

3.      Plaintiff opposed and reported workplace discrimination in good faith.

4.      Defendants, by and through their agents, employees, or servants exercising their authority, retaliated against Plaintiff.

## PARTIES

5.      Plaintiff is a female USA citizen domiciled in Missouri.

6.      Plaintiff was employed by The Hillshire Brands Company ("Hillshire").

7.      On August 24, 2014, Hillshire was purchased by Tyson Foods, Inc.

8.      Tyson Foods, Inc. is a corporation that is authorized to do business in Kansas.

9.      Tyson Foods operates a manufacturing facility located at 4612 Speaker Road, Kansas City, KS, 66106.

10.     Plaintiff is employed by Tyson Foods and works at the facility located on Speaker Road in Kansas City, KS.

11.     At all times relevant to Plaintiff's employment, Tyson Foods has employed fifteen (15) or more persons and has been engaged in interstate commerce.

## JURISDICTION AND VENUE

12.     Plaintiff submits to the jurisdiction of this Court for the adjudication the claims alleged herein.

13.     Tyson Foods is generally subject to personal jurisdiction to Courts in Kansas because it has consented to jurisdiction in Kansas by applying and receiving permission from the Kansas Secretary of State's office to do business in Kansas as a foreign corporation and because Tyson Foods conducts ongoing, substantial and continuous business in Kansas.

14.     Tyson Foods is subject to personal jurisdiction in this Court for the specific purposes of this lawsuit because the acts and omissions alleged herein took place in Kansas, within this court's territorial jurisdiction.

2

15.     This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PROCEDURES

17.     On October 2, 2015, Plaintiff filed a Charge of Discrimination against Hillshire. The EEOC assigned the Charge number 563-2016-00031. A copy of the Charge is attached hereto as **Exhibit A** and is incorporated herein by reference.

18.     The EEOC later amended Plaintiff's Charge of Discrimination to add Tyson Foods, Inc. as a Respondent.

19.     On April 20, 2016, the EEOC issued Plaintiff a Notice of Right to Sue for Charge Number 563-2016-00031, which authorized the filing of this lawsuit against Tyson Foods. A copy of the right to sue notice is attached hereto as **Exhibit B** and is hereby incorporated by reference.

20.     This action has been timely filed within 90 days of the EEOC's issuance of the Notice of Right to Sue.

## FACTUAL SUPPORT

21.     Plaintiff became employed by Hillshire on or about June 15, 2014.

22.     Plaintiff was hired by Hillshire to be a Production Packer.

23.     On August 24, 2014, Hillshire became part of Tyson Foods, Inc.

24.     During approximately September, 2015, Plaintiff was asked to train a new male employee named Tony Richardson.

25.     While Plaintiff was training Mr. Richardson, and thereafter, Mr. Richardson subjected Plaintiff to multiple unwanted, unsolicited, flirtatious, and/or suggestive sexual or sex-based comments which Plaintiff found to be annoying, distracting, offensive, intimidating, and/or degrading.

26.     On or about September 9, 2015, Mr. Richardson made the following comments to Plaintiff:

   a.  Mr. Richardson asked Plaintiff how old she was and commented that she looked much younger.

   b.  Mr. Richardson asked Plaintiff about her marital/relationship status. After learning that Plaintiff was engaged, Mr. Richardson made multiple comments that Plaintiff's fiancé was a "lucky" man or that he was "lucky."

   c.  Mr. Richardson  told Plaintiff, in reference to her touching him to move him out of the way, that being touched by her "felt good" and that his wife had not touched him "like that in years." Mr. Richardson was sexually suggestive in his manner of making those comments to Plaintiff.

   d.   Mr. Richardson informed Plaintiff that he was a stripper in St. Louis and offered to strip for Plaintiff.

27.     Also on or about September 9, 2015, Mr. Richardson bumped into Plaintiff's breasts while reaching, in a manner which made it apparent that Mr. Richardson intentionally touched Plaintiff's breasts.

28.     Also on or about September 9, 2015, Mr. Richardson intentionally stood closely behind Plaintiff.

29.      Plaintiff did not reciprocate Mr. Richardson's actions or comments but instead backed away from him, tried to ignore his comments and actions, consistently

attempted to re-focus Mr. Richardson's attention toward work and training, and otherwise resisted/opposed his comments and actions.

30.     The next day, Mr. Richardson continued to ask Plaintiff if he could strip for her. Mr. Richardson told Plaintiff that he had given some picture to another female employee to give to Plaintiff, and said to keep the pictures away from the supervisors.

31.     Mr. Richardson told Plaintiff on multiple occasions that he would strip for Plaintiff for free.

32.     Plaintiff told Mr. Richardson she was not interested in him, his pictures, or his offer to strip for her.

33.     Mr. Richardson again stood very close to Plaintiff, touched her shoulders, and made inappropriate, suggestive comments to her.

34.     After Plaintiff had opposed Mr. Richardson's comments and touching multiple times, Mr. Richardson made comments that he and the supervisor were close and said, "he's got my back."

35.     On or about September 10, 2015, Plaintiff reported Mr. Richardson's conduct to her team lead, Ms. "DJ" Stallings.

36.     Later that day, Mr. Penn, another team lead, came to speak to Plaintiff about her concerns with Mr. Richardson's conduct.

37.     On or about September 11, 2015, while Plaintiff continued to train Mr. Richardson, Mr. Richardson made inappropriate comments about the way Plaintiff dressed outside of work.

38.     Also on or about September 11, 2015, Mr. Richardson grabbed Plaintiff's arm.

39.    Mr. Richardson also made comments to Plaintiff about his sex life with his wife.

40.    Plaintiff made another complaint to her team lead Ms. DJ Stallings.

41.    Mr. Richardson made offensive comments to Plaintiff wrongfully suggesting that she wanted to cheat on her fiancé.

42.    A female co-worker showed Plaintiff nude pictures that Mr. Richardson had given to her and requested be shown to Plaintiff.

43.    On September 12, 2015, Plaintiff reported Mr. Richardson's inappropriate and offensive conduct to multiple team leads, her supervisor, and a second supervisor.

44.    On September 12, 2015, Tyson Foods' HR department was notified of Plaintiff's complaint of sexual harassment against Mr. Richardson.

45.    On or about Monday, September 14, 2015, even though Mr. Richardson admitted to the conduct reported by Plaintiff, Mr. Richardson returned to work.

46.    On or about September 14, 2015, Plaintiff reported Mr. Richardson's conduct to Human Resources.

47.    On or about September 15, 2015, On August 24, 2014, Hillshire was purchased by Tyson Foods's HR employee spoke to Plaintiff in an intimidating, threatening manner, accusing Plaintiff of victimizing Mr. Richardson for reporting her concerns to her team leads and to two supervisors. The HR employee also threatened to write-up Plaintiff.

48.    On or about September 15, 2015, Tyson Foods announced Mr. Richardson as the winner of the "I got your back contest."

49.    Mr. Richardson continued to intimidate Plaintiff during team meetings ("huddles") following Plaintiff's multiple complaints.

50.     On or about September 22, 2015, Plaintiff made another complaint to Tyson Foods' HR department, reporting Mr. Richardson's intimidating actions toward her.

51.     On or about September 28, 2015, Plaintiff's job duties were changed.

52.     On or about September 29, 2015, Plaintiff was again reprimanded by HR, for taking her concerns to her immediate supervisor, her team lead.

53.     Defendant did not take prompt remedial measure to end the harassment and inappropriate comments being made to Plaintiff.

54.     At all times mentioned herein, before and after, the above described perpetrators were agents, servant and employees of Defendants and were at all such times acting within the scope and course of their agency and employment, or their actions were expressly authorized or ratified by Defendants.  Therefore, Defendants are liable for the actions of said persons and/or other perpetrators under all theories pled herein.

## COUNT I
### Title VII- Sex Discrimination

55.     Plaintiff incorporates by reference every other allegation made herein.

56.     During the course of Plaintiff's employment, she was subjected to a pattern and practice of intentional discrimination based on sex, in violation of 42 U.S.C. §  2000e-2(a) and § 2000e-3(a).

57.     Plaintiff was treated differently and unfairly because of her sex.

58.     Plaintiff is female.

59.     Plaintiff was subjected to severe or pervasive harassment based on her sex.

60.     The comments, touching, and/or harassment unreasonably interfered with Plaintiff's employment or job performance or otherwise creative a hostile, intimidating, or abusive working environment.

61.     A reasonable person would have found the conduct complained of herein to be severe or pervasive, and offensive based on sex.

62.     Management-level employees knew, or should have known, of the sexual discrimination described herein, but failed to take appropriate remedial action.

63.     Plaintiff's sex was a motivating factor or determining factor in the harassment Plaintiff suffered.

64.     The conduct alleged herein adversely affected the terms, conditions, or privileges of Plaintiff's employment.

65.     As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff suffers and will continue to suffer damages, emotional distress, and inconvenience.

66.     Defendant, through its agents or employees, engaged in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count I of her Complaint, for a finding that she has been subjected to unlawful sex discrimination/harassment in violation of 42 U.S.C. §§ 2000e *et seq*.; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' and experts' fees provided by 42 U.S.C. §2000e-5(k); and for such other and further relief the Court deems just and proper.

## COUNT II
## Title VII - Retaliation

67.     Plaintiff incorporates by reference every other allegation made herein.

68.     Plaintiff engaged in protected activity by opposing discrimination and by reporting, in good faith, her reasonable belief that she was being discriminated against/harassed on the basis of sex.

69.     Defendant retaliated against Plaintiff in response.

70.     Defendant transferred Plaintiff.

71.     Defendant suspended Plaintiff.

72.     Defendant reprimanded Plaintiff.

73.     Defendant searched for problems with Plaintiff's performance.

74.     Plaintiff's sex and/or protected activities were motivating factors or determining factors or otherwise played a part in Defendant's decision to take the aforementioned actions against Plaintiff.

75.     The aforementioned materially adverse actions would not have happened to Plaintiff but for her protected activities.

76.     Defendant's retaliation against Plaintiff was done with malice or reckless indifference to Plaintiff's federally protected rights. Defendant is therefore liable for punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

77.     Defendant's retaliatory actions against Plaintiff caused her to suffer emotional distress, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Complaint, for a finding that she has been subjected to unlawful retaliation prohibited

by 42 U.S.C. 2000e *et seq*.; for compensatory and punitive damages; costs expended; reasonable attorneys' and experts' fees provided by 42 U.S.C. 2000e-5(k); and for such other and further relief the Court deems just and proper.

**HOLMAN SCHIAVONE, LLC**

By:   \_\_/s/ *Kenneth D. Kinney*_____
Kirk D. Holman, KS Bar 19558
Kenneth D. Kinney, D. Kan. 78544
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: kholman@hslawllc.com
Email: kkinney@hslawllc.com

**ATTORNEYS FOR PLAINTIFF**