# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TONIA THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:16-cv-02496-DDC-GLR |
| | ) | |
| TYSON FOODS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT TYSON FOODS, INC.'S
## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Tyson Foods, Inc. ("Tyson") answers Plaintiff Tonia Thompson's First Amended Complaint as follows. All averments not expressly admitted are denied.

### ALLEGATIONS REGARDING NATURE OF THE CLAIM

1. Tyson admits that Plaintiff brings this action for legal and equitable relief under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), but denies that it engaged in any unlawful employment practice or any other acts or omissions in violation of Title VII, or any other statute or common law. Tyson denies all allegations contained in paragraph 1 of Plaintiff's First Amended Complaint not expressly admitted herein.

2. Tyson denies all allegations contained in paragraph 2 of Plaintiff's First Amended Complaint.

3. Tyson denies all allegations contained in paragraph 3 of Plaintiff's First Amended Complaint.

4. Tyson denies all allegations contained in paragraph 4 of Plaintiff's First Amended Complaint.

### ALLEGATIONS REGARDING PARTIES

5. Tyson admits that Plaintiff is a female United States citizen residing in Missouri.

6. Tyson admits the allegation contained in paragraph 6 of Plaintiff's First Amended Complaint.

7. Tyson admits that it purchased Hillshire Brands on August 28, 2014. Tyson denies all allegations contained in paragraph 7 of Plaintiff's First Amended Complaint not expressly admitted herein.

8. Tyson admits the allegation contained in paragraph 8 of Plaintiff's First Amended Complaint.

9. Tyson admits that it operates a facility located at 4612 Speaker Road, Kansas City, KS. Tyson denies all allegations contained in paragraph 9 of Plaintiff's First Amended Complaint not expressly admitted herein.

10. Tyson admits the allegations contained in paragraph 10 of Plaintiff's First Amended Complaint.

11. Tyson admits the allegations contained in paragraph 11 of Plaintiff's First Amended Complaint.

## ALLEGATIONS REGARDING JURISDICTION AND VENUE

12. Tyson admits the allegations contained in paragraph 12 of Plaintiff's First Amended Complaint.

13. The allegations contained in paragraph 13 of Plaintiff's First Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Tyson admits that it is subject to this Court's jurisdiction in this case, but denies that it engaged in any unlawful employment practice or any other acts or omissions in violation of Title VII or any other statute or common law. Tyson denies all allegations contained in paragraph 13 of Plaintiff's First Amended Complaint not expressly admitted herein.

14. The allegations contained in paragraph 14 of Plaintiff's First Amended Complaint constitute a legal conclusion to which no response is required. To the extent a response is required, Tyson admits that it is subject to this Court's jurisdiction in this case, but denies that it engaged in any unlawful employment practice or any other acts or omissions in violation of Title VII or any other statute or common law. Tyson denies all allegations contained in paragraph 14 of Plaintiff's First Amended Complaint not expressly admitted herein.

15. Tyson admits that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, but denies that it engaged in any unlawful employment practice or any other acts or omissions in violation of Title VII or any other statute or common law. Tyson denies all allegations contained in paragraph 15 of Plaintiff's First Amended Complaint not expressly admitted herein.

16. Tyson admits that venue is proper in this Court, but denies that it engaged in any unlawful employment practice or any other acts or omissions in violation of Title VII or any other statute or common law. Tyson denies all allegations contained in paragraph 16 of Plaintiff's First Amended Complaint not expressly admitted herein.

**ALLEGATIONS REGARDING ADMINISTRATIVE PROCEEDINGS**

17. Tyson admits the allegations contained in paragraph 17 of Plaintiff's First Amended Complaint.

18. Tyson admits the allegations contained in paragraph 18 of Plaintiff's First Amended Complaint.

19. Tyson admits that, on or about April 20, 2016, the EEOC mailed Plaintiff a Right-to-Sue Notice for Charge Number 563-2016-00031, and that a copy of this Right-to-Sue Notice is attached to Plaintiff's First Amended Complaint as Exhibit B. Tyson denies the remaining allegations contained in paragraph 19 of Plaintiff's First Amended Complaint, and denies all

allegations contained in paragraph 19 of Plaintiff's First Amended Complaint not expressly admitted herein.

20. Tyson admits the allegations contained in paragraph 20 of Plaintiff's First Amended Complaint.

21. Tyson admits the allegations contained in paragraph 21 of Plaintiff's First Amended Complaint.

22. Tyson admits the allegations contained in paragraph 22 of Plaintiff's First Amended Complaint.

23. Tyson admits the allegations contained in paragraph 23 of Plaintiff's First Amended Complaint.

**ALLEGED FACTUAL SUPPORT**

24. Tyson admits that Plaintiff became employed by Hillshire on or about June 6, 2014. Tyson denies all allegations contained in paragraph 24 of Plaintiff's First Amended Complaint not expressly admitted herein.

25. Tyson admits the allegation contained in paragraph 25 of Plaintiff's First Amended Complaint.

26. Tyson admits that it purchased Hillshire on August 28, 2014, at which time Hillshire became part of Tyson. Tyson denies all allegations contained in paragraph 26 of Plaintiff's First Amended Complaint not expressly admitted herein.

27. Tyson admits that Plaintiff was asked to train a male employee named Tony Richardson on September 9, 2015. Tyson denies all allegations contained in paragraph 27 of Plaintiff's First Amended Complaint not expressly admitted herein.

28. Tyson denies all allegations contained in paragraph 28 of Plaintiff's First Amended Complaint.

29. Tyson admits that, on September 12, 2015, Plaintiff shared with Tyson supervisors that, on September 10, 2015, Mr. Richardson had asked about her marital/relationship status, stated that Plaintiff's fiancé was lucky, referenced his own marital relationship and referenced that he had previously worked as a stripper in St. Louis in connection with a discussion about Plaintiff's bachelorette party. Tyson further admits that, upon learning of Plaintiff's concerns about Mr. Richardson on September 12, 2015, Mr. Richardson was immediately sent home without pay pending investigation into Plaintiff's concerns. Tyson denies the remaining allegations contained in paragraph 29 of Plaintiff's First Amended Complaint and subparts (a) through (d) thereto, and denies all allegations contained in paragraph 29 of Plaintiff's First Amended Complaint and subparts (a) through (d) thereto not expressly admitted herein.

30. Tyson denies all allegations contained in paragraph 30 of Plaintiff's First Amended Complaint.

31. Tyson denies all allegations contained in paragraph 31 of Plaintiff's First Amended Complaint.

32. Tyson denies all allegations contained in paragraph 32 of Plaintiff's First Amended Complaint.

33. Tyson admits that, on September 10, 2015, Plaintiff shared with two hourly team leads that, earlier that day, Mr. Richardson referenced his prior work as a stripper and pictures he had sent to another employee that he did not want to be seen by supervisors. Tyson further admits that Plaintiff asked these hourly team leads not to take any action on her concerns, as she wanted to handle the matter and did not want it reported. Tyson denies all remaining allegations

contained in paragraph 33 of Plaintiff's First Amended Complaint, and denies all allegations contained in paragraph 33 of Plaintiff's First Amended Complaint not expressly admitted herein.

34. Tyson denies all allegations contained in paragraph 34 of Plaintiff's First Amended Complaint.

35. Tyson admits that, on September 12, 2015, Plaintiff shared with Tyson supervisors that she told Mr. Richardson she was not interested in his statements about being a stripper. Tyson further admits that, upon learning of Plaintiff's concerns about Mr. Richardson on September 12, 2015, Mr. Richardson was immediately sent home without pay pending investigation into Plaintiff's concerns. Tyson denies all remaining allegations contained in paragraph 35 of Plaintiff's First Amended Complaint, and denies all allegations contained in paragraph 35 of Plaintiff's First Amended Complaint not expressly admitted herein.

36. Tyson denies all allegations contained in paragraph 36 of Plaintiff's First Amended Complaint.

37. Tyson denies all allegations contained in paragraph 37 of Plaintiff's First Amended Complaint.

38. Tyson admits that, on September 10, 2015, Plaintiff shared concerns about Mr. Richardson with an hourly team lead, Ms. DJ Stallings. Tyson further admits that Plaintiff asked Ms. Stallings not to take any action on her concerns, as she wanted to handle the matter and did not want it reported. Tyson denies all allegations contained in paragraph 38 of Plaintiff's First Amended Complaint not expressly admitted herein.

39. Tyson admits that, on September 10, 2015, Mr. Penn, another hourly team lead, spoke with Plaintiff regarding her concerns about Mr. Richardson. Tyson further admits that Plaintiff asked Mr. Penn not to take any action on her concerns, as she wanted to handle the

matter and did not want it reported. Tyson denies all allegations contained in paragraph 39 of Plaintiff's First Amended Complaint not expressly admitted herein.

40. Tyson admits that, on September 12, 2015, Plaintiff shared with Tyson supervisors that, on September 11, 2015, Mr. Richardson commented to Plaintiff about the way she dressed outside of work. Tyson further admits that, upon learning of Plaintiff's concerns about Mr. Richardson on September 12, 2015, Mr. Richardson was immediately sent home without pay pending investigation into Plaintiff's concerns. Tyson denies all remaining allegations contained in paragraph 40 of Plaintiff's First Amended Complaint, and denies all allegations contained in paragraph 40 of Plaintiff's First Amended Complaint not expressly admitted herein.

41. Tyson denies all allegations contained in paragraph 41 of Plaintiff's First Amended Complaint.

42. Tyson denies all allegations contained in paragraph 42 of Plaintiff's First Amended Complaint.

43. Tyson admits that, on September 12, 2015, Plaintiff shared concerns about Mr. Richardson with her hourly team lead, Ms. DJ Stallings. Tyson denies all allegations contained in paragraph 43 of Plaintiff's First Amended Complaint not expressly admitted herein.

44. Tyson denies all allegations contained in paragraph 44 of Plaintiff's First Amended Complaint.

45. Tyson admits that, on September 12, 2015, its supervisors learned of Plaintiff's allegation that, on September 11, 2015, another employee showed Plaintiff inappropriate pictures that Mr. Richardson provided to that employee outside work. Tyson further admits that Mr. Richardson was immediately sent home without pay pending investigation into Plaintiff's

concerns. Tyson denies all remaining allegations contained in paragraph 45, and denies all allegations contained in paragraph 45 not expressly admitted herein.

46. Tyson admits that, on September 12, 2015, Plaintiff reported concerns about Mr. Richardson to two hourly team leads and a Production Supervisor, who in turn notified a Value Stream Supervisor. Tyson further admits that Mr. Richardson was immediately sent home without pay pending investigation into Plaintiff's concerns. Tyson denies all remaining allegations contained in paragraph 46, and denies all allegations contained in paragraph 46 not expressly admitted herein.

47. Tyson admits that its Human Resources Manager was notified of Plaintiff's reported concerns about Mr. Richardson on September 12, 2015. Tyson further admits that Mr. Richardson was immediately sent home without pay pending investigation into Plaintiff's concerns. Tyson denies all allegations contained in paragraph 47 of Plaintiff's First Amended Complaint not expressly admitted herein.

48. Tyson admits that Mr. Richardson returned to work on September 14, 2015 after an unpaid suspension. Tyson further admits that, on that same day, it issued Mr. Richardson a final written warning, notified him he would be removed from Plaintiff's work area and transferred to a different area of the Secondary Pack Department, and instructed him to have no further contact with Plaintiff. Tyson denies the remaining allegations contained in paragraph 48 of Plaintiff's First Amended Complaint and denies all allegations contained in paragraph 48 of Plaintiff's First Amended Complaint not expressly admitted herein.

49. Tyson admits that its Human Resources Manager spoke with Plaintiff regarding Plaintiff's reported concerns about Mr. Richardson on September 14, 2015. Tyson denies all

allegations contained in paragraph 49 of Plaintiff's First Amended Complaint not expressly admitted herein.

50. Tyson denies all allegations contained in paragraph 50 of Plaintiff's First Amended Complaint.

51. Tyson admits that, as a result of Mr. Richardson's name being randomly selected in a drawing, a notice was posted indicating that Mr. Richardson had been selected for the "I've got your back award" on or about September 14, 2015. Tyson denies all allegations contained in paragraph 51 of Plaintiff's First Amended Complaint not expressly admitted herein.

52. Tyson denies all allegations contained in paragraph 52 of Plaintiff's First Amended Complaint.

53. Tyson denies all allegations contained in paragraph 53 of Plaintiff's First Amended Complaint.

54. Tyson denies all allegations contained in paragraph 54 of Plaintiff's First Amended Complaint.

55. Tyson denies all allegations contained in paragraph 55 of Plaintiff's First Amended Complaint.

56. Tyson denies all allegations contained in paragraph 56 of Plaintiff's First Amended Complaint.

57. Tyson admits the allegations contained in paragraph 57 of Plaintiff's First Amended Complaint.

58. Tyson denies all allegations contained in paragraph 58 of Plaintiff's First Amended Complaint.

59. Tyson denies all allegations contained in paragraph 59 of Plaintiff's First Amended Complaint.

60. Tyson admits that, after returning from bereavement leave in February 2016, Tyson issued Plaintiff a written corrective action because she collected incorrect cardstock for a product and failed to follow proper procedure in conducting quality checks. Tyson further admits that Plaintiff acknowledged she had not been concentrating on her work because she had just returned from bereavement leave. Tyson denies the remaining allegations contained in paragraph 60 of Plaintiff's First Amended Complaint and denies all allegations contained in paragraph 60 of Plaintiff's First Amended Complaint not expressly admitted herein.

61. Tyson denies all allegations contained in paragraph 61 of Plaintiff's First Amended Complaint.

62. Tyson denies all allegations contained in paragraph 62 of Plaintiff's First Amended Complaint.

63. Tyson admits the allegations contained in paragraph 63 of Plaintiff's First Amended Complaint.

64. Tyson admits that, on April 29, 2016, it issued Plaintiff a written corrective action for taking an excessive break on April 18, 2016. Tyson denies all allegations contained in paragraph 64 of Plaintiff's First Amended Complaint not expressly admitted herein.

65. Tyson denies all allegations contained in paragraph 65 of Plaintiff's First Amended Complaint.

66. Tyson admits that, in disputing the written corrective action, Plaintiff told her supervisor that she was in the restroom. Tyson denies all allegations contained in paragraph 66 of Plaintiff's First Amended Complaint not expressly admitted herein.

67. Tyson admits that Plaintiff disputed this written corrective action and refused to sign it. Tyson denies all allegations contained in paragraph 67 of Plaintiff's First Amended Complaint not expressly admitted herein.

68. Tyson admits that, on or about May 4, 2016, Plaintiff expressed to Tyson a concern that she was not able to apply for open positions because of her written corrective actions, which she alleged were issued in retaliation for filing a complaint of sexual harassment and a charge of discrimination. Tyson denies all allegations contained in paragraph 68 of Plaintiff's First Amended Complaint not expressly admitted herein.

69. Tyson admits that, on or about May 4, 2016, Plaintiff expressed to Tyson a concern that the April 29, 2016 written corrective action was issued in retaliation for filing a complaint of sexual harassment and a charge of discrimination. Tyson denies all allegations contained in paragraph 69 of Plaintiff's First Amended Complaint not expressly admitted herein.

70. Tyson denies all allegations contained in paragraph 70 of Plaintiff's First Amended Complaint.

**ALLEGATIONS REGARDING COUNT I – TITLE VII SEX DISCRIMINATION**

71. In response to the allegations set forth in paragraph 71 of Plaintiff's First Amended Complaint, Tyson incorporates its answers to paragraphs one through 71 as if fully set forth herein.

72. Tyson denies all allegations contained in paragraph 72 of Plaintiff's First Amended Complaint.

73. Tyson denies all allegations contained in paragraph 73 of Plaintiff's First Amended Complaint.

74. Tyson admits that Plaintiff is female.

75. Tyson denies all allegations contained in paragraph 75 of Plaintiff's First Amended Complaint.

76. Tyson denies all allegations contained in paragraph 76 of Plaintiff's First Amended Complaint.

77. Tyson denies all allegations contained in paragraph 77 of Plaintiff's First Amended Complaint.

78. Tyson denies all allegations contained in paragraph 78 of Plaintiff's First Amended Complaint.

79. Tyson denies all allegations contained in paragraph 79 of Plaintiff's First Amended Complaint.

80. Tyson denies all allegations contained in paragraph 80 of Plaintiff's First Amended Complaint

81. Tyson denies all allegations contained in paragraph 81 of Plaintiff's First Amended Complaint.

82. Tyson denies all allegations contained in paragraph 82 of Plaintiff's First Amended Complaint. Further answering, Tyson denies that Plaintiff is entitled to any of the relief prayed for in her First Amended Complaint, including the relief sought in the unnumbered paragraph immediately following paragraph 82.

**ALLEGATIONS REGARDING COUNT II – TITLE VII RETALIATION**

83. In response to the allegations set forth in paragraph 83 of Plaintiff's First Amended Complaint, Tyson incorporates its answers to paragraphs one through 83 as if fully set forth herein.

84. Tyson denies all allegations contained in paragraph 84 of Plaintiff's First Amended Complaint.

85. Tyson admits that Plaintiff filed a charge of discrimination against Tyson on or about October 2, 2015. Tyson denies the remaining allegations contained in paragraph 85 of Plaintiff's First Amended Complaint and denies all allegations contained in paragraph 85 of Plaintiff's First Amended Complaint not expressly admitted herein.

86. Tyson denies all allegations contained in paragraph 86 of Plaintiff's First Amended Complaint.

87. Tyson denies all allegations contained in paragraph 87 of Plaintiff's First Amended Complaint.

88. Tyson denies all allegations contained in paragraph 88 of Plaintiff's First Amended Complaint.

89. Tyson denies all allegations contained in paragraph 89 of Plaintiff's First Amended Complaint.

90. Tyson admits that it issued Plaintiff written corrective actions on or about February 4, 2016 and April 29, 2016, based on legitimate, non-discriminatory, non-retaliatory business reasons and consistent with policy. Tyson denies all allegations contained in paragraph 90 of Plaintiff's First Amended Complaint.

91. Tyson denies all allegations contained in paragraph 91 of Plaintiff's First Amended Complaint.

92. Tyson denies all allegations contained in paragraph 92 of Plaintiff's First Amended Complaint.

93. Tyson denies all allegations contained in paragraph 93 of Plaintiff's First Amended Complaint.

94. Tyson denies all allegations contained in paragraph 94 of Plaintiff's First Amended Complaint.

95. Tyson denies all allegations contained in paragraph 95 of Plaintiff's First Amended Complaint. Further answering, Tyson denies that Plaintiff is entitled to any of the relief prayed for in her First Amended Complaint, including the relief sought in the unnumbered paragraph immediately following paragraph 95.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the defenses and denials set forth above, Tyson asserts the following affirmative and other defenses. In pleading these defenses, Tyson does not admit that it bears the burden of proof, production or persuasion on such defenses. Further, Tyson specifically reserves the right to raise any and all counterclaims and additional defenses, including affirmative defenses, that may become apparent at any time in the course of this litigation.

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by her failure to exhaust administrative remedies and/or because her claims exceed, in whole or in part, the claims alleged in her administrative charge.

3. Plaintiff's claims are barred in whole or in part by her failure to reasonably and properly mitigate her alleged damages, if any.

4. Plaintiff's claims are barred in whole or in part because she has not suffered any compensable damage and her own actions contributed to any damages she alleges to have suffered.

5. Plaintiff's claims are barred in whole or in part because neither Plaintiff's sex nor alleged protected activity were determining, motivating, or contributing factors in any alleged adverse action taken by Tyson.

6. Plaintiff's claims are barred in whole or in part because Tyson's actions were based on legitimate, non-discriminatory and non-retaliatory factors and were taken for justified business purposes.

7. Plaintiff's claims are barred in whole or in part because Tyson would have taken the same actions regardless of Plaintiff's sex and/or alleged protected activity.

8. Plaintiff's claims are barred in whole or in part because Tyson exercised reasonable care to prevent and promptly correct any discriminatory, harassing, and/or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of Tyson's corrective opportunities and failed to avoid harm otherwise.

9. Plaintiff's claims are barred in whole or in part because Tyson acted reasonably and in good faith, in conformity with Title VII.

10. Tyson avers that Plaintiff's claims for damages are limited by the applicable statutes.

11. Plaintiff's claims are barred in whole or in part because Tyson neither made any decision nor took any action that was motivated by malice or evil motive or intent, nor was Tyson callously indifferent to Plaintiff's protected rights.

12. Plaintiff's claims are barred in whole or in part by Tyson's good faith efforts to enforce anti-discrimination, anti-harassment, and anti-retaliation policies and to prevent and correct any alleged incidents of workplace discrimination, harassment and/or retaliation.

13. The standard used to determine the amounts of such damages as emotional distress damages, if any, is vague and overly arbitrary, and, as such, supplies no notice of the potential repercussions of the alleged misconduct, thereby denying Tyson due process under the Fifth and Fourteenth Amendments to the United States Constitution. Tyson also affirmatively asserts that any request for arbitrary emotional distress damages and/or subsequent imposition of such damages violates the rights of Tyson under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

14. The standard by which Tyson is to be evaluated for determining the amount of punitive damages, if any, is vague and overly arbitrary, and, as such, supplies no notice to Tyson of the potential repercussions of its conduct, thereby denying Tyson due process under the Fifth and Fourteenth Amendments to the United States Constitution.

15. Plaintiff's claims are barred in whole or in part by the equitable doctrines of laches, unclean hands, waiver and/or estoppel.

16. Plaintiff's claims are barred in whole or in part because Tyson is not responsible for the actions of its employees that were taken outside the course and scope of employment.

17. Plaintiff's claims are barred in whole or in part because any actions of Tyson or Tyson's employees or agents acting within the scope of their duties or power were not the proximate cause of any injuries or damages sustained by Plaintiff, and Tyson is therefore not liable for any such damages or injuries.

18. Plaintiff's claims are barred in whole or in part because the conduct alleged against Tony Richardson, if established as true, was not done in the course and scope of his employment and was not done to benefit Tyson.

Tyson reserves the right to amend its Answer to Plaintiff's First Amended Complaint; to add additional or other affirmative defenses; to delete or withdraw affirmative defenses; and to add such counterclaims as may become necessary after a reasonable opportunity for discovery.

WHEREFORE, for the reasons stated herein, Tyson prays that:

1. Plaintiff's First Amended Complaint be dismissed in its entirety, with prejudice, and that judgment be entered in favor of Tyson;

2. Tyson be awarded attorneys' fees, expenses, and costs of suit; and

3. For such other and further relief as the Court deems proper and just.

Respectfully submitted by:

Date: December 30, 2016

SHOOK, HARDY & BACON L.L.P.

By: /s/ Carrie A. McAtee
 Carrie A. McAtee, D. Kan. #77889

2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
Email: cmcatee@shb.com

ATTORNEYS FOR TYSON FOODS, INC.

### CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2016, a copy of the foregoing document was served via the court's electronic case filing system on the following:

HOLMAN SCHIAVONE, LLC
Kirk D. Holman
Kenneth D. Kinney
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: (816) 283.8738
Facsimile: (816) 283.8739
Email: kholman@hslawllc.com
Email: kkinney@hslawllc.com

ATTORNEY FOR PLAINTIFF

 /s/ Carrie A. McAtee
 ATTORNEY FOR DEFENDANT